IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DAVID BOLLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-1690-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a social security proceeding in which the court reversed the Commissioner's decision and remanded for an award of benefits. Plaintiff's counsel previously sought and received fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $7,499.99. In addition, separate counsel for plaintiff at the administrative level received $4,156.25 under 42 U.S.C. § 406(a). Plaintiff's court counsel now seeks fees under 42 U.S.C. § 406(b).

1 - ORDER

Under Section 406(b) the court may award attorney fees up to 25 percent of plaintiff's retroactive benefits. Plaintiff's counsel asks the court to award $9,702.74. Counsel will refund to claimant the amount under EAJA resulting in $2,202.76 out of pocket from claimant to pay counsel before this court and $6,359.01 total out of pocket for legal fees. The retroactive award in this case is $38,811. The Commissioner objects, in his capacity as trustee for claimants, contending the requested amount would result in fees that excessively erode plaintiff's past due benefits in light of the previous awards for fees in this case.

Fees for attorneys representing claimants at the administrative level and before the court are dealt with discretely. Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002). For representation of a claimant at the administrative level, an attorney may file a fee petition or a fee agreement under 42 U.S.C. § 406(a) and a fee award under this section is not necessarily dependant on success before the agency. See 20 C.F.R. § 404.1725(b)(2). If successful, contingent fee agreements can govern under section 406(a) and are limited to the lessor of 25 percent of past due benefits or $5,300. 42 U.S.C. § 406(a)(2); 67 Fed. Reg. 2477-01 (2002).

Under 42 U.S.C. § 406(b), attorneys representing claimants in court may only recover fees if there is an award of back benefits. As part of its judgment, a court may allow reasonable fees up 25

2 - ORDER

percent of the past-due benefits awarded to the claimant.

An attorney cannot collect, or even demand, from claimants more than authorized under sections a and b of 42 U.S.C. § 406. 42 U.S.C. § 406(a)(5) and (b)(2).

Under the EAJA, a prevailing claimant may be awarded attorney fees, payable by the government, based on the number of hours reasonably expended by the attorney and a reasonable hourly rate. 28 U.S.C. § 2412. Fees awarded under both the EAJA and 42 U.S.C. § 406(b) require a refund of the smaller amount to the claimant from the attorney. Gisbrecht, 535 U.S. at 796.

Contingency fee agreements may be the primary means by which fees are calculated under section 406(b) and are enforceable so long as the they do not seek more than 25 percent of past due benefits. Id. at 807. In addition, within that 25 percent boundary, the fee must be reasonable in light of time spent on the case, etc. Id. at 807-08.

The issue in this case is not the hourly rate or the number of hours expended, but whether the 25 percent cap imposed by Congress in both sections 406(a) and 406(b) should be combined such that a claimant would not be required to pay more than 25 percent of past due benefits combined for work at the administrative and court level. After the parties completed briefing in this case, the Ninth Circuit issued a decision addressing the issue.

In Clark v. Astrue, 529 F.3d 1211, 1216 (9th Cir. 2008) the

3 - ORDER

court determined that "an award of attorney's fees under § 406(b) is separate from, and in addition to, any fees awarded by the Administration under § 406(a)." The court concluded that "the plain text of 42 U.S.C. § 406(b) limits only the amount of attorney's fees awarded under § 406(b), not the combined fees awarded under § 406(a) and § 406(b), to 25% of the claimant's past-due benefits." Id. at 1218.

Accordingly, plaintiff's counsel is not limited by the previous award by the Administration to plaintiff's counsel before the Agency under section 406(b). The amount requested by the current motion does not exceed 25 percent of the past-due benefits. The court finds the request otherwise reasonable and grants the request in the amount of $9,702.75.

CONCLUSION

Plaintiff's motion for attorney fees (#34) is granted. Attorney fees in the amount of $9,702.75 are hereby awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b). The court finds this is a reasonable fee. Previously, this court awarded $7,499.99, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. When issuing the section 406(b) check, the Agency is directed to subtract the amount previously awarded under the EAJA, and to send to plaintiff's attorney the balance of $2,202.76, minus any user fee. Any amount withheld (including the EAJA fee

4 - ORDER

offset) after all administrative and court attorneys fees are paid should be released to the claimant.

DATED this ___23rd___ day of ___December___, 2008.

                                        ___s/ Michael R. Hogan___
                                        UNITED STATES DISTRICT JUDGE